## SMITH v PALM BEACH EUROCAR, INC.

### Case No. M-85-11321-C

County Court, Palm Beach County

January 6, 1986

### APPEARANCES OF COUNSEL

**Alan S. Zangen** for plaintiff.
**Patrick M. O'Hara** for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court for non-jury trial on December 16, 1985 upon Plaintiff's Complaint and Defendant's Counterclaim. Based on the sworn testimony and documents received in evidence, the Court makes findings of fact and draws conclusions of law as follows.

In December, 1984, Plaintiff and Defendant entered into an oral contract for the purchase of a 1985 Mercedes-Benz 280SL automobile. Defendant was to procure the car directly from Germany. Plaintiff

agreed to pay 10% above the factory price at the time the car was delivered to Defendant's agent in Germany. Plaintiff was to take delivery during the first quarter of 1985. Plaintiff gave Defendant a $2,500.00 deposit.

Defendant did not deliver the car by March 31, 1985. In April, Plaintiff made numerous telephone calls to Defendant concerning the car's status. During those calls, Plaintiff requested the serial number of the car she had ordered. If Defendant had been able to supply a serial number for the car, Plaintiff would have known that her car had gone into production.

In May, 1985, Plaintiff continued to inquire about her car. Defendant's president promised that he would personally check on Plaintiff's order when he was in Germany. In May, Defendant was unable to tell Plaintiff if manufacture of the car had yet commenced.

On June 5, 1985 Defendant was still unable to furnish Plaintiff with a serial number for the car. Therefore, Plaintiff terminated her order for the Mercedes on June 5 and requested a refund of her deposit. As with the parties' other dealings, this cancellation was orally communicated to Defendant. During the month of June, Defendant raised no objection to the cancellation. On July 5, 1985, Plaintiff gave up her dream of a Mercedes and purchased a Porsche.

At no time during June or July did Defendant take any action, either oral or in writing, which purported to extend the contract or otherwise approximate a delivery date.

By a letter dated August 12, 1985, Defendant informed Plaintiff that her Mercedes had been delivered to the German agent on August 8, 1985 and was ready for delivery pending payment.

Plaintiff has sued to recover her deposit, asserting that her termination of the contract was proper. Defendant contends that because Plaintiff's termination came without warning, it was therefore ineffective. Defendant then argues that Plaintiff's refusal of proper tender amounted to a breach of contract. Section 672.301, Fla. Stat. (1983).

The parties entered into a contract for the sale of goods controlled by Florida's Uniform Commercial Code. Sections 672.102, 672.105, Fla. Stat. (1983). The contract initially provided for delivery of the car by March 31, 1985. When no delivery was made by that date, Plaintiff continued to inquire about the status of the car throughout April and May. In response, Defendant indicated its desire and intention to deliver the Mercedes. The parties' conduct thus modified their oral contract and the March 31, 1985 delivery deadline was waived.

49

Sections 672.304(1), 672.208(3), 672.209(1), Fla. Stat. (1983). In the absence of a new agreement concerning a specific delivery date, Defendant had a reasonable time within which to tender the automobile. Section 672.309(1), Fla. Stat. (1983).

When time for performance of a contract has been made indefinite by waiver, a party may terminate the contract for delay in performance only by giving reasonable notice to the other party. Sections 672.309(3), 672.106(3), Fla. Stat. (1983); Section 672.2-309, Fla. Stat. Ann., Comment 5 (1966); see, Farmers Union Grain Terminal Association v. Hermanson, 549 F. 2d 1177, 1182-83 (8th Cir. 1977). Plaintiff's June 5 notification of termination was effective immediately. Had Defendant objected or otherwise sought to set a delivery date, Plaintiff's immediate termination would have been unreasonable and ineffective. See, Section 672.2-309, Fla. Stat. Ann., Comment 6 (1966). However, Defendant's silence in response to Plaintiff's communication amounted to an acquiescence in the termination of the contract.

> . . . Effective communication of a proposed time limit [for performance] calls for a response, so that failure to reply will make out acquiescence. Where objection is made, however . . . demand for assurances on the ground of insecurity may be made under this Article pending further negotiations. Only when a party insists on undue delay or on rejection of the other party's reasonable proposal is there a question of flat breach under the present section. Id.

The Code's general obligation of good faith requires that the other party respond to a proposed termination within a reasonable time. See Sections 671.203, 671.204(2), 672.103(1)(b), Fla. Stat. (1983). After June 5, Defendant had no communication whatsoever with Plaintiff regarding delivery of the Mercedes. Assuming that her $2,500.00 deposit would be refunded, Plaintiff purchased another car on July 5. Defendant's attempt to hold Plaintiff to the contract by tendering the car on August 12 was untimely.

Finally, Plaintiff argues that Defendant has committed an unfair or deceptive trade practice in violation of Chapter 501, Part II, Florida Statutes (1983). Plaintiff contends that as a motor vehicle dealer, Defendant was obligated to provide Plaintiff with a written receipt pursuant to Section 2-19.05(10), Florida Administrative Code. However, the evidence demonstrated that Defendant was a "new motor vehicle broker" within the meaning of Section 320.27(1)(d), Florida Statutes (1983). Such brokers are excluded from the statutory definition of "motor vehicle dealers." Section 320.27(1)(c), Fla. Stat. (1983). Plaintiff has therefore demonstrated no violation of Chapter 501, Part II. Accordingly, it is

**50**

ORDERED AND ADJUDGED that Plaintiff, Pamela J. Smith recover from Defendant, PALM BEACH EUROCAR, INC., the sum of $2,500.00 in principal, $150.41 in interest, with costs in the amount of $50.00, making a total of $2,700.41, that shall bear interest at a rate of 12% a year, for which let execution issue. It is further

ORDERED AND ADJUDGED that Defendant, Palm Beach Eurocar, Inc., take nothing by its Counterclaim and that Plaintiff, Pamela J. Smith go hence without day. The Court reserves jurisdiction over this case for the purpose of taxing additional costs, if any.